S96Y1830. IN THE MATTER OF ROBERT G. KRELL.
(475 SE2d 617)

PER CURIAM.

Prior to the filing of a Formal Complaint by the State Bar, Robert G. Krell filed a petition for voluntary discipline for violating Standards 4, 45 (e) and 65 of Bar Rule 4-102.[1] Krell admitted converting $196,571.59 in client funds which he held in a fiduciary capacity to his personal use. He admits to misleading the client into thinking the funds were being held in an attorney trust account. A Complaint for Recovery of Funds was initiated against Krell, but he did not file an answer, and a default judgment was entered against him. The court found that he engaged in fraud, breach of fiduciary duty, and legal malpractice. He was ordered to return the $196,571.59 and a $100,000 punitive damages award was assessed against him. Krell had not satisfied any part of the judgment at the time the petition was filed.

Krell offered the following factors in mitigation: (1) he has no prior record of discipline; (2) he has cooperated with disciplinary authorities throughout the course of the investigation and admitted his misconduct; and (3) he is aware of his violations, is remorseful, and has no intention of ever violating the Bar Rules again. See ABA Standards for Imposing Lawyer Sanctions (1991), Standard 9.3 (factors which may be considered in mitigation); (a) (absence of a prior disciplinary record); (e) (full and free disclosure to disciplinary board or cooperative attitude toward proceedings); and (l) (remorse). Krell says he is willing to accept any discipline deemed appropriate, but offers that the appropriate discipline is probation pending repayment of the client funds in monthly installments and suspension should he fail to make a timely payment. He offers that a public reprimand would be appropriate after he has made full restitution. Krell also

---

[1] These Standards state in pertinent part:

*Standard 4.* A lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation. A violation of this standard may be punished by disbarment.

*Standard 45.* In his representation of a client, a lawyer shall not: . . . (e) knowingly engage in other illegal conduct or conduct contrary to a disciplinary rule; . . . A violation of this standard may be punished by disbarment.

*Standard 65 (D).* No funds shall be withdrawn from such trust account for the personal use of the lawyer maintaining the account except earned attorney's fees debited against the account of a specific client and recorded as such. A violation of paragraphs (A) or (D) of this standard may be punished by disbarment. . . .

proposes that he be required to submit monthly detailed records to the State Bar and participate in CLE ethics courses. Finally, he contends he has taken on substantial business which will enable him to borrow the funds to make restitution. He states that he has a commitment for a loan to be made within 14 days of acceptance of his petition, but that he will not be able to make restitution without his license to practice law. Krell states that he would agree to voluntarily surrender his license after he has made full restitution and has repaid the loan, but no later than 12 months from the date that he repays the loan.

The State Bar submits that the proper sanction for Krell's wilful conversion of client funds is disbarment. The State Bar points to the following aggravating factors: (1) Krell acted out of dishonesty and selfishness; (2) the vulnerability of the victim; (3) Krell has substantial experience in the practice of law (20 years); and (4) Krell has not made any restitution despite having over a year to do so. See ABA Standards for Imposing Lawyer Sanctions (1991), Standard 9.22 (factors which may be considered in aggravation), (b) (dishonest or selfish motive), (h) (vulnerability of victim), (i) (substantial experience in the practice of law, and (j) (indifference to making restitution). The review panel adopted the admissions of fact and conduct in Krell's petition and recommends Krell be disbarred. The review panel considered the aggravating factors cited by the State Bar.

We have reviewed the record and accept and adopt the recommendation of the review panel. We reject Krell's suggested discipline of probation until he has repaid the loan he would use to make restitution. Accordingly, we order that Robert G. Krell is disbarred from the practice of law and that his name be removed from the roll of those individuals licensed to practice law in this state. Krell is reminded of his duties under Bar Rule 4-219 (c) to give timely notification to his clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of that Rule.

*Disbarred. All the Justices concur. Carley, J., disqualified.*

DECIDED SEPTEMBER 23, 1996.

*William P. Smith III, General Counsel State Bar, Steven J. Kaczkowski, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Wilson, Strickland & Benson, John C. Pennington,* for Krell.